EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lydia M. Matías Lebrón, et als. <br><br>        Recurridos <br><br>            vs. <br><br> Departamento de Educación, et als <br><br>        Peticionario | Certiorari <br><br> 2007 TSPR 227 <br><br> 172 DPR ____ |

Número del Caso: CC-2006-746


Fecha: 19 de diciembre de 2007


Tribunal de Apelaciones:

        Región Judicial de San Juan-Panel III

Juez Ponente:

        Hon. Pierre E. Vivoni del Valle

Oficina del Procurador General:

        Lcda. Sarah Y. Rosado Morales
        Procuradora General Auxiliar

Abogados de la Parte Recurrida:

        Lcdo. Rafael A. Nadal Arcelay
        Lcdo. Manuel De Jesús Sánchez Agostini



Materia: Inconstitucionalidad de Ley; Sentencia Declaratoria; Pleito de
        Clase


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lydia M. Matías Lebrón,
*et als*

    Recurridos

        vs.                 CC-2006-746     *CERTIORARI*

Departamento de Educación,
*et als*

    Peticionario

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 19 de diciembre de 2007

El 4 de octubre de 2000, Lydia M. Matías Lebrón, entre otros maestros orientadores, y la Asociación de Maestros de Puerto Rico, presentaron ante el Tribunal de Primera Instancia, Sala de San Juan, una demanda en solicitud de sentencia declaratoria y daños y perjuicios, contra el Departamento de Educación, su entonces Secretario Víctor Fajardo y el Estado Libre Asociado de Puerto Rico. Alegaron, en síntesis, que los demandados habían violado sus derechos constitucionales a la igual protección de las leyes y a igual paga por igual trabajo, "ya que arbitraria, caprichosa e irrazonablemente, han discriminado y excluido a los demandantes de los beneficios concedidos a la

Profesión Magisterial por la Ley de Carrera Magisterial". En vista a ello, solicitaron se declarase inconstitucional el Articulo 1.03 de la Ley de Carrera Magisterial, se ordenara al Departamento de Educación a honrarle a los maestros orientadores los salarios concedidos por la Ley de Carrera Magisterial desde el 1999 y concederle una compensación de $25,000 por concepto de daños y perjuicios a cada maestro orientador excluido de los beneficios de la susodicha Ley. Solicitaron, además, la certificación del pleito como uno de clase.

El 1 de junio de 2001, Olga Santiago Casiano, otros trabajadores sociales escolares, y la Asociación de Maestros de Puerto Rico presentaron demanda de índole similar contra el Departamento de Educación, su Secretario y el Estado Libre Asociado de Puerto Rico, esbozando las mismas alegaciones y solicitando remedios idénticos a los expuestos en la demanda presentada por Lydia M. Matías Lebrón y demás maestros orientadores.

En vista de la similitud entre sus alegaciones respectivas, los casos antes reseñados fueron consolidados.

Posteriormente, el 28 de agosto de 2002, la Asamblea Legislativa de Puerto Rico, mediante la Ley Núm. 208, enmendó la Ley de la Carrera Magisterial a los efectos de extender sus beneficios a los maestros orientadores y trabajadores sociales escolares. No obstante, los recurridos se reiteraron en sus reclamaciones, y presentaron una demanda enmendada solicitando el pago

retroactivo de los beneficios de la Ley de la Carrera Magisterial desde su aprobación en el 1999 y los daños que alegadamente le fueron ocasionados por haber sido excluidos de la aplicación de la ley original.

Tras varios trámites procesales, el 23 de febrero de 2005, los recurridos solicitaron se certificara como clase a los "empleados del Departamento de Educación del Estado Libre Asociado de Puerto Rico que han ocupado la plaza de Maestro Orientador y Maestro Trabajador Social del Sistema de Educación y que ejercían dichas funciones durante los años 1999 hasta 2003, y que fueron excluidos de la Ley 159 de 18 de julio de 1999, conocida como la 'Ley de Carrera Magisterial'".

El Departamento de Educación se opuso a dicha solicitud bajo el fundamento que los recurridos no acreditaron su cumplimiento con los requisitos establecidos en la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 20.

En resolución notificada el 8 de agosto de 2005, el Tribunal de Primera Instancia certificó el pleito como uno de clase. Luego de enumerar los requisitos establecidos en la Regla 20.1 de Procedimiento Civil, para la certificación de un pleito de clase, determinó que los recurridos satisfacían los mismos. También concluyó que se cumplieron los requisitos de la Regla 20.2(c) de Procedimiento Civil.

El Departamento de Educación solicitó reconsideración; sostuvo que los recurridos no habían descargado el peso de

la prueba de demostrar que cumplían con los requisitos de la Regla 20 de Procedimiento Civil y que el tribunal debió celebrar una vista evidenciaria antes de certificar el pleito como uno de clase. El tribunal le concedió término al Departamento de Educación para expresarse sobre el asunto. Contando con la posición de la agencia y luego de celebrar una vista de seguimiento, el tribunal denegó la solicitud de reconsideración del Departamento de Educación, reiterándose en la certificación del pleito como uno de clase.

De tal determinación, el Departamento de Educación recurrió al Tribunal de Apelaciones. Arguyó que los recurridos incumplieron con los requisitos de la Regla 20 de Procedimiento Civil, ya que su solicitud se basó en meras especulaciones y no se cumplió el análisis riguroso exigido jurisprudencialmente. El Tribunal de Apelaciones confirmó la decisión del tribunal de instancia respecto a la certificación del pleito de clase. Fundó su determinación en que las diferencias entre la preparación académica y experiencia de los recurridos no era óbice para la tramitación del pleito como uno de clase. Señaló que el tribunal podría clasificarlos en grupos a los fines de conceder los remedios a los que tuvieron derecho cada miembro. Concluyó indicando que no hubo abuso de discreción de parte del tribunal de instancia al certificar el pleito como uno de clase sin antes celebrar una vista evidenciaria, porque ello no es obligatorio. Además, señaló

que el tribunal de instancia expuso y explicó las razones que guiaron su determinación y que éste certificó el pleito como uno de clase porque entendió que tenía ante sí todos los requisitos para tomar su decisión.

Inconforme con tal dictamen, el Departamento de Educación acudió ante este Tribunal --vía *certiorari*-- planteando que erró el tribunal apelativo intermedio al resolver que procede certificar el pleito como uno de clase, aun cuando dicho foro reconoció que las circunstancias fácticas de los recurridos no son análogas. Sostuvo, además, que éstos no demostraron su cumplimiento con los requisitos establecidos en la Regla 20 de Procedimiento Civil y la jurisprudencia aplicable.

Expedimos el recurso. Resolvemos.

I

A

En atención al derecho constitucional de toda persona a obtener una educación, y el interés de garantizar la excelencia académica en nuestra sociedad, la Asamblea Legislativa, a través de la Ley de la Carrera Magisterial, Ley Núm. 158 de 18 de julio de 1999, 18 L.P.R.A. §310 *et. Seq.*, instauró un sistema de rangos magisteriales y procedimientos para ascensos y revisión de salarios para los maestros y personal educativo, a través de planes individuales de mejoramiento profesional y programas de educación continua.

El Artículo 1.03 de la referida Ley establecía que serían miembros de la carrera magisterial los maestros y maestros bibliotecarios del Sistema de Educación Pública que (1) posean certificados regulares de maestro en la categoría en que se desempeñen, (2) tengan nombramiento permanente, y (3) estén trabajando como maestros de salón de clase o maestros bibliotecarios en las categorías para las cuales se les expidió el certificado regular de maestro.

A través de la Ley Núm. 208 de 28 de agosto de 2002, se enmendó el Artículo 1.03 de la Ley de la Carrera Magisterial a los efectos de extender la aplicación de la referida Ley a los orientadores escolares, trabajadores sociales escolares, coordinadores de programas vocacionales, coordinadores industriales y maestros especialistas en la tecnología instruccional que posean certificados docentes expedidos conforme a la ley.

De conformidad con lo dispuesto en el Artículo 1.05 de la nueva Ley, se promulgó el Reglamento de la Carrera Magisterial, Reglamento Núm. 6761 de 5 de febrero de 2004. En su Artículo 2.01, éste dispone que son miembros de la carrera magisterial los que cumplan con los requisitos expuestos en el Artículo 1.03 de la Ley de la Carrera Magisterial, antes citado. Dicho artículo, según antes expuesto, fue enmendado mediante la Ley Núm. 208 a los únicos efectos de incluir a los trabajadores sociales y orientadores escolares, entre otro personal escolar.

La activación como miembro <u>requiere</u>, en primera instancia, la radicación de la solicitud correspondiente, firmada por el solicitante y entregada al Director Escolar. Artículo 4.05 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §315d. El paso siguiente es la preparación de un Plan de Mejoramiento Profesional conforme a los requisitos impuestos en la Ley. Una vez el Director Escolar y su Comité de Evaluación acreditan que el solicitante radicó su plan, y que éste cumple con lo establecido en la Ley y el reglamento, le será otorgada al solicitante una certificación a tales efectos. Dicha solicitud certificada entonces es entregada al Superintendente de Escuelas y posteriormente el Secretario de Educación; éste evaluará la misma y la aprobará de forma final, si estima que se cumplieron los requisitos legales para ello. El Secretario de Educación tiene la <u>facultad indelegable</u> de reconocer las clasificaciones y niveles en la carrera magisterial. Artículo 3.02 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §314a; Artículo 5.03 del Reglamento de la Carrera Magisterial.

Los planes de mejoramiento profesional son programas de acción individual de cinco años, "diseñados por los miembros de la Carrera Magisterial, con el fin de ampliar y renovar sus conocimientos, perfeccionar sus destrezas y dirigir sus esfuerzos a las metas que ellos mismos se han propuesto." Artículo 6.01 del Reglamento de la Carrera Magisterial; véase Artículo 4.01 de la Ley de la Carrera

Magisterial, 18 L.P.R.A. §315. Cada plan se divide en cinco etapas y combina información relativa a los estudios formales del miembro, sus horas de participación en actividades de educación continua, la práctica supervisada en su área de especialidad y las actividades académicas, estudiantiles, de investigación, de orientación a los alumnos y padres, adiestramiento al personal docente de la escuela y de atención a estudiantes con necesidades particulares, todo lo cual contribuye al mejoramiento de la escuela y la comunidad. Artículo 6.03 del Reglamento de la Carrera Magisterial; Artículos 4.02 y 4.04 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §315a y 315c. El miembro debe radicar un nuevo plan de mejoramiento profesional cada cinco años o perderá su condición de miembro activo. Artículo 6.06 del Reglamento de la Carrera Magisterial.

El desarrollo de los planes de mejoramiento profesional es responsabilidad exclusiva del miembro. Artículo 4.07 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §315f; Artículo 6.07 del Reglamento de la Carrera Magisterial. Conforme al Artículo 2.05 del Reglamento de la Carrera Magisterial, cuando el solicitante no radique o complete su plan de mejoramiento profesional en el tiempo establecido por la Ley, no será considerado como un miembro activo, razón por la cual no podrá solicitar un ascenso en nivel ni la revisión de su nivel. Artículo 4.08 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §315g. Lo anterior se debe a que la condición de miembro activo es un

<u>requisito indispensable para obtener los beneficios relativos a revisiones de salarios y ascensos que fija la Ley</u>.

El Reglamento de la Carrera Magisterial dispone que el Secretario de Educación reconocerá, como miembro activo, a todo el personal docente que haya <u>solicitado y acreditado</u> el nivel que le corresponde según lo dispuesto en el Artículo 8.01 de la referida Ley, el cual ubica a los miembros en niveles desde el I al IV. Artículo 2.03 del Reglamento de la Carrera Magisterial; Véase Artículos 2.03 a 2.06 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §313b-313d-1.

Los diversos niveles establecen el lugar que ocupa el personal docente incluido en la Ley, según la jerarquía de su profesión y tomando en cuenta sus años de experiencia y preparación académica. Artículo 2.01 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §313; Artículo 5.01 del Reglamento de la Carrera Magisterial. También contituyen un reconocimiento del esfuerzo y compromiso de los miembros de la carrera magisterial que han cumplido con sus planes de mejoramiento profesional y por ello, le es concedido un aumento en el salario básico del miembro. Artículos 5.02 y 5.06 del Reglamento de la Carrera Magisterial; Artículo 3.01 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §314.

Un miembro puede solicitar ascender al nivel siguiente si cumple con sus planes de mejoramiento personal y obtiene evaluaciones satisfactorias de su desempeño. Para ello,

debe presentar una solicitud de acenso con copia certificada del plan de mejoramiento profesional y los documentos que acrediten su cumplimiento con el mismo, y tras una evaluación del expediente, el Secretario de Educación emite su determinación final al respecto. Los años de servicio por sí solos no le califican para un ascenso en nivel. Artículo 5.05 del Reglamento de la Carrera Magisterial; Artículo 3.03 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §314b.

También los miembros pueden solicitar revisiones de salarios una vez concluyan satisfactoriamente cada una de las etapas de su plan de mejoramiento profesional. Los adelantos se autorizan con el fin de promover el cumplimiento de cada etapa de su plan. Artículos 2.10 y 2.11 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §313h y 313i; Artículo 7.01 del Reglamento de la Carrera Profesional.

Los miembros de la carrera magisterial son evaluados periódicamente mediante un análisis de sus planes de mejoramiento profesional, entrevistas, visitas a sus centros de trabajo y evaluaciones del desempeño académico de sus estudiantes o el desempeño de sus labores. Artículo 6.02 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §317f. Ello en aras de alentar el desarrollo de sus destrezas profesionales y asegurar que sean ubicados en los niveles magisteriales correspondientes. Artículo 6.01 de la Ley de la Carrera Magisterial, 18 L.P.R.A. §317.

Toda determinación del Secretario de Educación es revisable a través del procedimiento de quejas y agravios establecido en la Ley de Relaciones del Trabajo para el Servicio Público así como en el convenio colectivo entre el Departamento de Educación y el representante exclusivo de los empleados. Artículo 7.11 del Reglamento de la Carrera Magisterial.

B

Reiteradamente hemos expresado que los pleitos de clase constituyen "una forma especial de litigación representativa que permite a una persona o grupo de personas demandar a nombre propio y en representación de otras personas que se encuentran en una situación similar a la suya pero no se encuentran ante el Tribunal." Guzmán v. Vaquería Tres Monjitas, res. 14 de diciembre de 2006, 2006 TSPR 187. Su propósito es fomentar la economía judicial mediante la adjudicación simultánea de los elementos comunes de varios litigios, evitando reclamaciones múltiples y pronunciamientos inconsistentes. Además, facilita la concesión de remedios a aquellos a quienes no les resultaría conveniente presentar una reclamación individual en vista de que las sumas individuales que están en controversia no son cuantiosas. *Id.*; Corporan Suárez v. Asoc. de Suscripción Conjunta, res. 12 de julio de 2005, 2005 TSPR 103; Cuadrado Carrión v. Romero Barceló, 120 DPR 434 (1988).

La Regla 20 de Procedimiento Civil corresponde sustancialmente a la Regla 23 de Procedimiento Civil Federal. En vista de la similitud entre su contenido e interpretación, la jurisprudencia federal sobre la misma resulta persuasiva al evaluar el alcance de dicho estatuto en nuestro ordenamiento. Corporan Suárez v. Asoc. de Suscripción Conjunta, ante; Cuadrado Carrión v. Romero Barceló, ante.

La Regla 20.1 de Procedimiento Civil establece los requisitos para un pleito de clase, disponiendo que

> uno o más miembros de una clase podrán demandar o ser demandados como representantes de todos los miembros de la clase solamente si: (1) la clase fuere tan numerosa que la acumulación de todos los miembros resultare impracticable; (2) existieren cuestiones de hecho o de derecho común a la clase; (3) las reclamaciones o defensas de los representantes fueren típicas de las reclamaciones o defensas de la clase; y (4) los representantes protegerían los intereses de la clase de manera justa y adecuada.

El que solicita la certificación de un pleito como uno de clase tiene el peso de la prueba de demostrar que se han cumplido los cuatro requisitos antes señalados. Corporan Suárez v. Asoc. de Suscripción Conjunta, ante; Cuadrado Carrión v. Romero Barceló, ante.

En Cuadrado Carrión v. Romero Barceló, ante, discutimos detalladamente los requisitos de numerosidad, comunidad, tipicidad y adecuada representación cuyo cumplimiento exige la Regla 20.1. Sobre el primero, indicamos que el número de personas que componen una clase

no es decisivo ya que el factor determinante es que la clase fuere tan numerosa que su acumulación resultaría imposible, y ello varía caso a caso. Basta que el promovente demuestre que la acumulación de todas las partes sería sumamente inconveniente y crearía obstáculos en la tramitación del pleito. Para ello, es de utilidad tomar en cuenta la dispersión geográfica de las personas afectadas, la posibilidad de identificarles para propósitos del pleito, la naturaleza del caso, la cuantía de las reclamaciones y la capacidad de cada miembro para hacer valer sus derechos individualmente. No es necesario probar el número exacto de los miembros de la clase, sino llevar a cabo un estimado razonable de un número potencial. Consecuentemente, es un requisito relativamente fácil de cumplir.

En cuanto al requisito de comunidad, enfatizamos en Cuadrado Carrión que la necesidad de la existencia de una cuestión de hecho o de derecho común a la clase, aun cuando éstas no surjan del mismo acto o evento. Asimismo, destacamos que dicha determinación es de naturaleza cualitativa y no cuantitativa, por lo cual, una sola cuestión de hecho o de derecho es suficiente cuando es cualitativamente relevante.

El requisito de tipicidad exige la existencia de una relación entre las reclamaciones de los demandantes y las de la clase que éstos intentan representar, con el fin de

que se promuevan los intereses de todos los miembros de la clase.

Por último, el que pretende representar a una clase debe proteger los intereses de los miembros adecuadamente en atención al principio constitucional del debido proceso de ley. Notablemente, el requisito de adecuada representación está íntimamente ligado al de tipicidad ya que sólo se asegura una representación adecuada cuando ambos la clase y el representante tienen un fin común. Así, no deben existir conflictos sustanciales entre los intereses del representante y el de los miembros ausentes que impidan que el representante asegure una litigación agresiva y vigorosa a favor de los miembros de la clase. Ello incluye la contratación de un representante legal competente.

El cumplimiento con los cuatro requisitos antes expuestos es de suma importancia debido a que los que representan la clase tienen la gran responsabilidad de defender los intereses de aquellos miembros de la clase que no están presentes, y para los cuales la sentencia que recaiga en su día será vinculante, claro está, salvo para el que opte por excluirse del pleito cuando ello es factible.

De otro lado, la Regla 20.2 de Procedimiento Civil provee las <u>tres categorías de pleitos</u> de clase bajo las

cuales se puede tramitar un caso.[1] Basta que el promovente del pleito de clase demuestre que se cumplen los requisitos de una de las categorías antes reseñadas, aunque podría

---

[1] La referida disposición reglamentaria establece que un pleito será sostenible como uno de clase cuando se satisfaga, en adición a los requisitos de la Regla 20.1, al menos uno de los siguientes requisitos:

  (a) la tramitación de pleitos separados por o en contra de miembros individuales de la clase crearía un riesgo de,
    (1) adjudicaciones inconsistentes o variadas con respecto a miembros individuales de la clase, que establecerían normas de conducta incompatibles para la parte que se opone a la clase, o
    (2) adjudicaciones con respecto a miembros individuales de la clase, que para todos los fines prácticos dispondrían de los intereses de otros miembros que no sean partes en las adjudicaciones o, empeorarían, o impedirían sustancialmente su habilidad para proteger sus intereses; o
  (b) la parte que se opone a la clase ha actuado o ha rehusado actuar por razones aplicables a la clase en general, en forma tal que resulte apropiado conceder finalmente un remedio mediante interdicto o sentencia declaratoria correspondiente con respecto a la clase en general; o
  (c) el tribunal determina que las cuestiones de hechos o de derecho comunes a los miembros de la clase predominan sobre cualesquiera cuestiones que afecten solamente a miembros individuales, y que el pleito de clase es superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para las determinaciones incluyen:
    (1) El interés de los miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separados;
    (2) la naturaleza y alcance de cualquier litigio relativo a la controversia ya comenzado por o en contra de miembros de la clase;
    (3) la deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico;
    (4) las dificultades que probablemente surgirían en la tramitación de un pleito de clase.

certificarse el pleito bajo más de una de éstas. J. Moore, 1 Moore's Federal Practice, 3rd Ed., Ed. Mathew Bender, 2007, §23.40[2].

Aun cuando el tribunal de instancia tiene amplia discreción para determinar si procede la certificación de un pleito como uno de clase, el tribunal debe cerciorarse de la procedencia de la certificación mediante un análisis riguroso de la prueba presentada por el que solicita la certificación. La certificación no puede descansar únicamente en meras alegaciones del promovente a los efectos de que cumplió con los requisitos establecidos en la ley. En ocasiones, será necesario ir más allá de las alegaciones que el promovente expone en la demanda, e incluso, en algunos casos la celebración de una vista será el mejor curso de acción para cerciorarse que se han satisfecho los requisitos legales para la certificación. Corporan Suárez v. Asoc. de Suscripción Conjunta, ante; Véase Bacon v. Honda of America, 370 F.3d 565 (6th Cir. 2004); Allen v. Leis, 204 F.R.D. 401 (OH. S.D. 2001); Zinser v. Accufix, 253 F.3d 1180 (9th Cir. 2001).

Ahora bien, hemos destacado que la celebración de una vista a esos efectos no es mandatoria, sino descansa en la sana discreción del juzgador. Como es bien sabido, la discreción requiere el ejercicio de la razonabilidad tomando en cuenta los hechos particulares del caso. Ciertamente, un juez abusa de su discreción cuando, sin razón para ello, descarta hechos materiales que inciden

directamente sobre la resolución del caso o basa su decisión en prueba inmaterial o irrelevante. Es decir, abusa de su discreción cuando actúa de forma irrazonable, parcializada o arbitraria. Corporan Suárez v. Asoc. de Suscripción Conjunta, ante; Ramírez v. Policía de P.R., res. 26 de diciembre de 2002, 2002 TSPR 154.

II

Al argumentar su único señalamiento de error, el Departamento de Educación sostiene que la certificación de un pleito de clase sólo es procedente cuando el tribunal queda convencido, luego de un análisis riguroso, de que el promovente de la misma ha descargado su obligación de demostrar que cumple con los requisitos para tal certificación. A su juicio, los recurridos no han satisfecho el peso de la prueba antes señalado. Igualmente, es del criterio que el tribunal de instancia no tenía ante sí la prueba necesaria para asegurar que se cumplieron los requisitos de la Regla 20 de Procedimiento Civil.

El Departamento de Educación señala, además, que el esquema legislativo dispuesto en la Ley de la Carrera Magisterial exige un trato distinto a cada profesional que se acoja a los beneficios allí concedidos, y las diferencias entre las clasificaciones y el nivel magisterial de éstos imposibilitan la certificación del pleito como uno de clase. Sobre el particular, indica que la clasificación de cada miembro de la carrera magisterial

se determina tras una evaluación de sus circunstancias particulares, entre ellos, su experiencia, preparación académica, evaluaciones de su desempeño docente, participación en cursos de educación continua y su cumplimiento con el plan de mejoramiento profesional. Sólo tras dicho análisis podrían determinarse los beneficios a los cuales tiene derecho cada individuo.

En vista de lo anterior, el Departamento de Educación argumenta que no existe una clase con reclamaciones típicas y comunes que amerite la certificación. En apoyo a su argumento, reitera que los remedios de la Ley de la Carrera Magisterial no son de aplicación automática sino requieren actos afirmativos de parte del que desea disfrutar de sus beneficios, a saber, deben solicitar acogerse a la referida Ley, acreditar su cumplimiento con los requisitos establecidos en la misma y en el reglamento, y obtener la aprobación del Secretario de Educación. Como consecuencia, no basta que los miembros de la clase sean trabajadores sociales escolares y maestro orientadores escolares si no se han acogido a los beneficios de la Ley.

Por último, señala el Departamento que los recurridos no pudieron establecer el número aproximado de los miembros de la clase ya que las reclamaciones versan sobre beneficios dejados de percibir desde el 1999 hasta el 2003 y la parte demandante no identifica cuáles miembros estaban activos durante ese periodo como tampoco informa cuántos de ellos se han retirado ni los que han iniciado sus labores

después de la aprobación de la ley en el 1999 o luego de las enmiendas de 2002.

De entrada, es preciso enfatizar que, según expresamos en Corporan Suárez v. Asociación de Suscripción Conjunta, ante, el tribunal de instancia no tiene la obligación de celebrar una vista evidenciaria previo a certificar un pleito de clase. En el caso de autos, distinto a lo ocurrido en Corporan Suárez, el tribunal de instancia expuso detalladamente las razones por las cuales, a su juicio, los recurridos cumplieron con los requisitos para la certificación del pleito de clase. Además, ambas partes tuvieron amplia oportunidad de exponer sus respectivas posiciones. Un examen del expediente nos convence de que el Departamento de Educación realmente no ha demostrado que tal actuación sea irrazonable, razón por la cual no podemos avalar el planteamiento del Departamento a los efectos de que el tribunal de instancia abusó de su discreción al no celebrar una vista evidenciaria previo a certificar el pleito de clase.

No obstante lo anterior, y aun cuando no avalamos completamente la posición asumida por el Departamento de Educación, concluimos que erraron los foros recurridos al determinar que procedía la certificación del pleito como uno de clase. Veamos.

Se desprende de la normativa jurídica antes discutida que las enmiendas a la Ley de la Carrera Magisterial tuvieron el efecto de extender los beneficios de dicha Ley

a los maestros orientadores escolares y trabajadores sociales escolares del Sistema de Educación. Ello significa que, tras las enmiendas de 2002, los maestros orientadores y trabajadores sociales escolares, excluidos inicialmente de la aplicación de dicha Ley, adquirieron el derecho a <u>presentar</u> una solicitud para ser activados como miembros de la carrera magisterial y reclamar la preparación de un Plan de Mejoramiento Profesional. El solicitante será acreedor de los beneficios de dicha Ley sólo cuando el Secretario de Educación apruebe su solicitud y certifique que el solicitante ha cumplido con los requisitos del Artículo 1.03 de la Ley de Carrera Magisterial y demás requisitos legales para ello.

El Artículo 4.05 del Reglamento de la Carrera Magisterial establece que el nuevo personal docente incluido en la Ley Núm. 208 que no reclame el nivel que le corresponde al amparo del Artículo 8.01 de la Ley, dentro del año siguiente a la fecha de la aprobación de las enmiendas del 2002, <u>perderá</u> el derecho a así hacerlo. Como consecuencia, permanecerá sin nivel específico en el sistema.[2]

De la Ley de la Carrera Magisterial y el Reglamento <u>claramente surge que los beneficios de la carrera</u> <u>magisterial no se adquieren de forma automática</u>. Por el

---

[2] Cabe señalar, sin embargo, que éste podrá ingresar posteriormente a la carrera magisterial en el Nivel I si cumple con los requisitos para la clasificación en dicho nivel y radica el plan de mejoramiento profesional.

contrario, la Ley y el Reglamento imponen <u>requisitos</u> <u>numerosos</u> y de cumplimiento estricto. El empleado <u>debe</u> <u>solicitar</u> su inclusión y <u>acreditar continuamente</u> su cumplimiento con el plan de mejoramiento personal, además de <u>desempeñarse satisfactoriamente</u> en todas sus labores. De no hacerlo, <u>pierde</u> los beneficios que concede la Ley; se trata de un proceso continuo.

En <u>Cuadrado Carrión v. Romero Barceló</u>, ante, atendimos una <u>situación análoga</u> a la controversia hoy ante nuestra consideración. En dicho caso, un grupo de maestros de instrucción pública presentaron una demanda solicitando sentencia declaratoria, interdicto y daños y perjuicios bajo el fundamento que no habían obtenido nombramientos con carácter permanente bajo la Ley Núm. 312 de 15 de mayo de 1938, 18 L.P.R.A. §214, únicamente porque no eran miembros del Partido Nuevo Progresista. En vista de lo anterior, sostuvieron que fueron objeto de discrimen político.

En dicha ocasión, denegamos la certificación del pleito de clase al concluir que los requisitos impuestos por la ley particular objeto del caso creaba obstáculos insuperables que impedían la tramitación del pleito como uno de clase. Resolvimos que los criterios legislativos existentes para la otorgación de nombramientos permanentes a los maestros del entonces Departamento de Instrucción Pública <u>exigían un análisis de las circunstancias</u> <u>individuales de cada miembro de la clase antes de</u> <u>determinar la existencia de una cuestión común, y ello</u>

impedía la adjudicación del caso mediante dicho mecanismo. Destacamos que debido a las variaciones en la preparación académica, experiencia, años de servicio y evaluación de los candidatos, entre otros factores, éstos no eran acreedores automáticos de los beneficios que solicitaban. Consecuentemente, aun concluyendo que en efecto, hubo discrimen político, ello de por sí no implicaba que procedía su nombramiento permanente ni le eximía a los demandantes de satisfacer los requisitos impuestos por la ley para ser nombrados a dichos puestos. Así, claramente había una ausencia de cuestiones comunes de hechos o de derecho que a su vez impedía una adecuada representación, dos de los requisitos establecidos por la Regla 20.1 de Procedimiento Civil.

En _Cuadrado Carrión v. Romero Barceló_, ante, también señalamos que el propósito de la tramitación de un pleito como uno de clase quedaba derrotado "si llegado el momento de ejecutar la sentencia todos y cada uno de los miembros representados ausentes tuviesen que revalidar, con la prueba individual, su derecho a beneficiarse del pleito de clase." Por último, aclaramos que la denegatoria de un pleito de clase no incidía sobre los méritos de cualquier reclamación individual, ni impedía la certificación del pleito como uno de clase en etapas avanzadas del procedimiento, ya que una vez iniciado o continuado el descubrimiento de prueba podría resultar el método más

efectivo para la tramitación del pleito. Véase además, Bacon v. Honda of America, 370 F.3d 565 (6th Cir. 2004).

De una estipulación de hechos que llevaron a cabo las partes en el presente caso, surge que a sólo 344 maestros orientadores y trabajadores sociales escolares les fueron aprobadas sus solicitudes y planes de mejoramiento profesional correspondientes. Si bien las partes estipularon que los 1,994 trabajadores sociales y maestros orientadores escolares que obran como tales en el Departamento de Educación "se inscribieron en la Carrera Magisterial", ya hemos expresado que lo esencial para disfrutar de tales beneficios es la aprobación de la solicitud y de los planes de mejoramiento profesional por parte del Secretario de Educación.

Debe quedar claro que no estamos resolviendo que en el presente caso procede denegar la certificación debido a que los remedios a los cuales pueden ser acreedores los recurridos son variados o distintos, ya que ello no es razón válida para denegar un pleito de clase. Véase Pettway v. Harmon Law Offices, 2005 U.S. Dist. Lexis 21341; Payne v. Goodyear Tire, 216 F.R.D. 21 (D. MA. 2003); Moore §23.24[4]. Tal situación puede subsanarse mediante la creación de subclases dentro de la clase. Véase Regla 20.3(d) de Procedimiento Civil.

Sin embargo, conforme a la Regla 20.1 de Procedimiento Civil, resulta esencial que existan cuestiones comunes de hecho o de derecho entre los miembros, así como

reclamaciones que sean típicas tanto para los miembros como para los representantes de la clase, con el fin de garantizar que los intereses de los miembros ausentes sean representados de forma justa y adecuada.

Claramente, no existen cuestiones de hecho o de derecho comunes entre aquellos que se han acogido a los beneficios de la Ley de la Carrera Magisterial y aquellos que todavía no han recibido la aprobación del Secretario de Educación, los cuales son la mayoría. Los primeros pueden reclamar inmediatamente los aumentos salariales que otorga la Ley mientras a los segundos no les asiste tal derecho.

Más aún, sería sumamente oneroso y derrotaría el propósito del pleito de clase, la necesidad de determinar, previo a la certificación del pleito, el nivel al cual perteneciere cada trabajador social u orientador escolar, ya que ello requiere un análisis individualizado de cada miembro de la clase propuesta. Tómese en cuenta, además, que si el tribunal resolviera que la ley es de aplicación retroactiva, para determinar la cantidad que se le adeuda a cada miembro de la carrera magisterial, sería necesaria la fijación del nivel y los salarios que le hubiesen correspondido en el 1999. Es decir, el análisis necesario se remontaría a los años de experiencia y preparación académica de cada miembro desde el 1999. Sería ilógico otorgarle beneficios a los cuales el trabajador social u orientador escolar no era acreedor en el 1999, de conformidad con la experiencia y preparación académica que

tenía entonces. Claramente, la determinación en torno a si al trabajador social u orientador escolar le asisten los beneficios de la Ley de la Carrera Magisterial no es sencilla de por sí y se complica grandemente cuando se trata de muchos reclamantes con preparaciones académicas y experiencias diversas.

Tomando en cuenta todo lo antes expuesto, forzoso resulta concluir que el pleito de clase no es el mejor método para adjudicar la presente controversia. Regla 20.2(c) de Procedimiento Civil. Erraron, en consecuencia, al así dictaminarlo, tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones al confirmar dicha determinación.

III

Ahora bien, la Regla 20.3(d) de las de Procedimiento Civil faculta a un tribunal a tramitar un pleito de clase con respecto a cuestiones específicas. Véase: Moore, sec. 23.24[7]. Al amparo de ello, el Departamento de Educación nos solicita que ordenemos la tramitación del pleito como uno de clase únicamente en torno a si procede la aplicación retroactiva de la Ley de Carrera Magisterial. De así determinarlo, los miembros que decidan acogerse a dicho procedimiento podrán tramitar sus reclamaciones individuales sin el riesgo de adjudicaciones inconsistentes en torno a dicha cuestión estricta de derecho. Estamos de acuerdo.

La controversia de derecho en torno a la retroactividad de los beneficios concedidos en la Ley de la Carrera Magisterial puede ser adjudicada como pleito de clase en tanto es una cuestión de estricto derecho, común entre todos los maestros orientadores y trabajadores sociales escolares que se acogieron a los beneficios de dicha ley y cuyas solicitudes ya fueron aprobadas por el Secretario de Educación. Tómese en cuenta que las partes han estipulado la cantidad de trabajadores sociales y maestros orientadores escolares a quienes les aplican los beneficios allí concedidos porque radicaron y les fueron aprobados sus planes de mejoramiento personal. Se satisfacen los requisitos de numerosidad, comunidad, tipicidad y adecuada representación para certificar el pleito de clase únicamente en cuanto a este aspecto. Se evita, además, la posibilidad de sentencias conflictivas sobre el mismo.

En resumen, concluimos que procede la certificación del pleito de clase para adjudicar, exclusivamente, la controversia relativa a la retroactividad de los beneficios de la Ley de la Carrera Magisterial. Ahora bien, la clase sólo incluirá a aquellos trabajadores sociales y maestros orientadores escolares que actualmente son miembros de la carrera profesional, porque presentaron su solicitud y planes de mejoramiento profesional al amparo de la referida Ley, y éstos fueron aprobados debidamente por el Secretario de Educación.

IV

En consideración a lo antes expuesto, procede dictar Sentencia modificatoria de la emitida por el Tribunal de Apelaciones a los siguientes efectos: se confirma su determinación sobre certificación de pleito de clase <u>únicamente</u> respecto al aspecto o controversia relativa a la retroactividad de los beneficios de la Ley de la Carrera Magisterial, revocándose todas sus otras determinaciones.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lydia M. Matías Lebrón,
*et als*

    Recurridos

        vs.               CC-2006-746     *CERTIORARI*

Departamento de Educación,
*et als*

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 19 de diciembre de 2007

Por los fundamentos expuestos en la Opinión que antecede, la cual forma parte íntegra de la presente, se dicta Sentencia modificatoria de la emitida por el Tribunal de Apelaciones a los efectos de confirmar su determinación sobre certificación de pleito de clase <u>únicamente</u> respecto al aspecto o controversia relativa a la retroactividad de los beneficios de la Ley de la Carrera Magisterial. Se revocan todas sus otras determinaciones.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Fiol Matta confirmaría el dictamen recurrido en su totalidad.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo